ULSTER ELECTRIC SUPPLY Co., INC., Respondent, *v.* MARYLAND CASUALTY COMPANY et al., Appellants, et al., Defendant.

Third Department, December 7, 1970.

*M. Carl Levine, Morgulas & Foreman* (*Jerrold Morgulas* of counsel), for appellants.

*Marshall C. Lipton* for respondent.

SWEENEY, J. This is an appeal from an order of the Supreme Court at Special Term, entered November 24, 1969 in Ulster County, which denied a motion to dismiss the complaint.

Defendant Renel Construction Inc. was the general contractor for a science building being constructed at the State University College at New Paltz. Hallmark Electrical Construction Corp. was a subcontractor. Plaintiff supplied materials to Hallmark. Defendant Maryland Casualty Co. was the surety on the payment bond. The bond specifically provided that it was enforceable in accordance with the terms of the provisions of section 137 of the State Finance Law.

On November 16, 1967 plaintiff sent a letter by ordinary mail to Renel stating that Hallmark had not paid them an indebtedness in the amount of $5,821.08 and that " we are therefore proceeding with a lien against said job." The letter was received by Renel but, concededly, was not sent by registered mail as prescribed by the statute. On February 23, 1968 Renel was served by plaintiff with a notice of lien which stated the last item of material was furnished on October 16, 1967. Plaintiff subsequently brought the present action to recover on the bond pursuant to section 137 of the State Finance Law.

Defendants moved to dismiss the complaint and Special Term denied the motion, concluding that sufficient written notice was given by the letter of November 16, 1967, and that a reasonable construction of that letter is to the effect that it apprised Renel that " plaintiff was looking for payment from it ".

Special Term relied on the reasoning of Federal case law which has held that ordinary mail under a similar Federal statute is sufficient (*Fleisher Co. v. United States,* 311 U. S. 15). The statute in question creates a cause of action for a materialman where one did not otherwise exist. In creating this cause of action, the Legislature prescribed certain conditions precedent, one of which is that the notice be delivered personally or by mail-

ing the same by registered mail. The Legislature had the power to prescribe this manner of mailing. (Cf. *MacMullen* v. *City of Middletown*, 187 N. Y. 37; *Matter of Brown* v. *Board of Trustees of Town of Hamptonburg, School Dist. No. 4,* 303 N. Y. 484, 489.) It is not for the courts to say it is unwise or too harsh to compel service by registered mail.

We do not have the authority to substitute our thinking and prescribe another means of service. (See *Lawrence Constr. Corp.* v. *State of New York,* 293 N. Y. 634, 639.) We do, however, have the authority and the duty to interpret the statute to determine the intent of the Legislature where there is a doubt or ambiguity in the statute. Uniquely, the intent is clear and unmistakable in the instant case, as evidenced by its legislative history. A very similar statute had been passed by the Legislature, but was vetoed by the Governor because it permitted service by both registered and certified mail. The Governor in his veto memorandum concluded that certified mail did not provide the same protection as registered mail. (N. Y. Legis. Doc., 1964, No. 65[B], 1964 Recommendations of Law Rev. Comm.)

By the present statute, subsequently enacted, the Legislature clearly intended service to be by registered mail, and not by ordinary mail. Service of the notice by plaintiff was, therefore, fatally defective. (Cf. *Triple Cities Constr. Co.* v. *Dan-Bar Contr. Co.,* 285 App. Div. 299, affd. 309 N. Y. 665.) It is no answer that the notice was actually received by Renel. (See *Teresta* v. *City of New York,* 277 App. Div. 787, revd. on other grounds 304 N. Y. 440.) The *Fleisher* case which liberally construed the Miller Act (U. S. Code, tit. 40, §§ 270a–270e), is not binding on this court where we have a clear expression by the Legislature that the notice is to be delivered by registered mail. It is not necessary that we reach the question of sufficiency of the form of the notice.

The order should be reversed, on the law and the facts, and motion to dismiss the complaint granted, without costs.

HERLIHY, P. J. (dissenting). While I agree with the conclusion of the majority that this is a statutory cause of action and that as a general proposition such statutes are to be strictly construed it does not appear that the strictness applied in regard to actions involving the waiver of sovereign immunity, in particular section 50-e of the General Municipal Law, is applicable to the present case.

A reading of section 137 of the State Finance Law and in particular subdivision 3 thereof establishes that the Legislature intended that there be a *written notice*. However, there is no

implication from the language therein that the manner in which the written notice was to be served was intended to be an essential condition precedent to the cause of action. The action of the then Governor in rejecting certified mail in regard to the written notice is entirely consistent with the proposition that he was concerned with probative proof that the contractor *received* the required written notice and does not require the conclusion that the manner of service was to be a condition precedent to the cause of action.

While it must be conceded that the decisions of the Federal courts in regard to a similar Federal statute are not conclusive as to the construction of this statute by the courts of this State, it does not appear that Special Term erred in adopting the reasoning thereof. In the present case there is no dispute that the exhibit claimed to be written notice was in fact received by the contractor. Under such circumstances there is no question remaining as to the receipt of the written notice and consequently the cause of action cannot be defeated by reliance upon a failure of the statutory proof of service.

In any event, even in regard to section 50-e of the General Municipal Law it has been held that where the prospective defendant proceeds as if the service were in compliance with the statute a waiver or estoppel can result and the failure of proper service is then no defense. (See *Teresta* v. *City of New York*, 304 N. Y. 440.) In the present case the record sufficiently indicates facts from which a court could find that there was a waiver or estoppel as to the requirement of registered mail or personal service and, accordingly, it cannot be said as a matter of law that the plaintiff has no cause of action insofar as a failure to comply with the service requirements of subdivision 3 of section 137 of the State Finance Law is concerned.

The majority do not reach the question of the sufficiency of the alleged notice to meet the requirements of the subject section 137, but it appears that in the language of the statute it stated " with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or for whom the labor was performed."

The order appealed from should be affirmed.

REYNOLDS, STALEY, JR., and COOKE, JJ., concur with SWEENEY, J.; HERLIHY, P. J., dissents and votes to affirm in an opinion.

Order reversed, on the law and the facts, and motion to dismiss complaint granted, without costs.