■ GREAT LAKES PLUMBING SUPPLY, INC., Appellant, v CAM-FUL INDUSTRIES, INC., et al., Respondents.—Order unanimously affirmed without cost. Memorandum: State Finance Law § 137 (3) created a cause of action in favor of a materialman against moneys due or to become due to a contractor pursuant to its contract with the State where one did not otherwise exist. It is a condition precedent to bringing the action that written notice of the claim be given within 120 days from the date on which the last of the material was furnished. The notice must be served either by personal delivery or by registered mail *(Ulster Elec. Supply Co. v Maryland Cas. Co.,* 35 AD2d 309, 310, *affd* 30 NY2d 712). The statute further provides that "where [the] notice is actually received by the contractor by other means, such notice shall be deemed sufficient" (State Finance Law § 137 [3]).

It is undisputed that written notice of plaintiff's claim was never served on the contractor either by personal delivery or by registered mail, postage prepaid, within 120 days from the date on which the last of the material was furnished. It is further undisputed that a copy of a letter from the State Comptroller's office to plaintiff's attorney was "actually received" by the contractor by ordinary mail after the expiration of the 120 days from the date on which the last of the material was furnished by plaintiff to the subcontractor. Accordingly, defendants demonstrated as a matter of law that plaintiff failed to comply with the notice requirements of State Finance Law § 137 (3). (Appeal from order of Supreme Court, Monroe County, Wesley, J.—dismiss affirmative defense.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.