■ CONESCO INDUSTRIES, LTD., Respondent, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant. (Action No. 1.) CONESCO INDUSTRIES, LTD., Respondent-Appellant, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant-Respondent. (Action No. 2.)—Crew III, J. (1) Appeal, in action No. 1, from a resettled order of the Supreme Court (Plumadore, J.),

entered September 6, 1991 in Franklin County, which granted plaintiff's motion for partial summary judgment on the issue of liability, and (2) cross appeals, in action No. 2, from an order of the Supreme Court (White, J.), entered November 4, 1991 in Fulton County, which, *inter alia,* granted plaintiff's motion for partial summary judgment on the issue of liability.

In 1990, U. W. Marx, Inc. (hereinafter Marx) entered into construction contracts with the State for the construction of two medium security treatment centers, one in the Town of Chateaugay, Franklin County, and the other in the Town of Johnstown, Fulton County (hereinafter the Chateaugay project and the Johnstown project, respectively). Marx procured a labor and material bond from defendant for the protection of all persons supplying labor or material to the construction projects in accordance with the State Finance Law *(see,* State Finance Law § 137). Marx entered into two contracts with Easton Industries, Inc. for the concrete work for both projects. Easton, in turn, entered into contracts with plaintiff for rental of concrete forming equipment.

On June 5, 1990, plaintiff learned that Easton would no longer be providing concrete for the two projects and, on the following day, plaintiff wrote a letter to Marx advising that Easton had failed to pay it for materials supplied to the projects and was indebted to it in the amount of $10,701.50 for the Chateaugay project and $23,342.27 for the Johnstown project. Thereafter, plaintiff filed mechanic's liens against the Johnstown project totaling $38,334.43. On October 18, 1990, plaintiff sent a second letter to Marx and defendant demanding payment of $11,919.28 for the Chateaugay project and $74,015.03 for the Johnstown project. No payments were made to plaintiff as a result of which these actions were commenced seeking recovery on the payment bond for the aforesaid amounts.

On March 13, 1990, plaintiff moved for summary judgment with regard to the Johnstown project (action No. 2) and defendant cross-moved for summary judgment. In a decision and order dated May 28, 1991, Supreme Court granted defendant's motion for summary judgment on the ground that the October 18, 1990 letter to defendant constituted untimely notice pursuant to State Finance Law § 137 (3) and granted plaintiff leave in action No. 2 to serve an amended complaint alleging that plaintiff gave notice by letter on June 6, 1990 and by filing mechanic's liens on June 7, 1990 and July 7, 1990. Neither party appealed from that order and plaintiff

served an amended complaint on June 5, 1991 in accordance therewith.

Plaintiff then moved in both actions for partial summary judgment on the issue of liability and defendant cross-moved in action No. 2 for summary judgment on its affirmative defense of payment by Marx to Easton. Supreme Court denied defendant's cross motion in action No. 2 on the ground that payment did not constitute a valid defense and granted plaintiff's motion. The court also amended the ad damnum clause of plaintiff's complaint in action No. 2 so as to seek damages in the amount of $38,334.43 (the total amount of moneys reflected in the June 6, 1990 letter to Marx and the mechanic's liens filed on June 7, 1990 and July 7, 1990). Plaintiff's motion for partial summary judgment on the issue of liability was also granted in action No. 1. Defendant appeals in both actions and plaintiff cross-appeals in action No. 2.

Plaintiff asserts that Supreme Court erred in action No. 2 in determining that its October 18, 1990 letter constituted untimely notice and, therefore, improperly reduced its claim from $74,015.02 to $38,334.43. Defendant, on the other hand, asserts that because Supreme Court determined that the October 18, 1990 letter was untimely it should have dismissed plaintiff's complaint. Both parties, having failed to appeal from the May 28, 1991 order, are precluded from relitigating those issues which were finally decided by that order (see, *Mahota v City of Hudson,* 179 AD2d 953, *lv denied* 79 NY2d 760).

It appears that as of June 6, 1990 Marx had fully paid Easton for the concrete work done pursuant to their subcontract. Accordingly, defendant contends in action No. 2 that Supreme Court erred in dismissing its affirmative defense of payment. It is undisputed that the Court of Appeals in *Chittenden Lbr. Co. v Silverblatt & Lasker* (288 NY 396) held that payment by a general contractor to a subcontractor was not an impediment to an action by a material supplier under the State Finance Law, nor is it disputed that the 1945 amendment to State Finance Law § 137 constituted a codification of that decision (see, L 1945, ch 480). Defendant asserts, however, that a 1964 amendment to the State Finance Law constitutes a legislative reversal of *Chittenden Lbr. Co.* and creates a defense of payment (see, L 1964, ch 700). We disagree.

In the absence of a contrary intent, the language of an amendment should be construed in the light of previous judicial decisions construing the original act and the Legisla-

ture is presumed to have known of existing judicial decisions in enacting amendatory legislation *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 191; *see also, People v Pawley,* 71 AD2d 307, 311; *People ex rel. Spinks v Dillon,* 68 AD2d 368, 370, *appeal dismissed* 48 NY2d 1025). It is clear that the Legislature knew of the *Chittenden Lbr. Co.* case when it amended State Finance Law § 137 in 1964 because it was set forth as a footnote in the 1945 legislation. There is no evidence that the Legislature intended to overturn the holding in that case. Rather, the 1964 amendment was intended to remove the requirement that persons supplying labor and materials for a public improvement contract must exhaust their remedies under the Labor Law or Lien Law prior to bringing an action directly against a payment bond *(see,* mem of Dept of Audit and Control, Bill Jacket, L 1964, ch 700; mem of Dept of Law, Bill Jacket, L 1964, ch 700). We therefore reject defendant's assertion that the 1964 amendment reinstated a payment defense and legislatively reversed the holding of *Chittenden Lbr. Co.* Accordingly, Supreme Court properly denied defendant's cross motion for summary judgment in action No. 2.

We do find merit, however, in defendant's assertion that there are questions of fact precluding a grant of partial summary judgment in plaintiff's favor in both actions. The contracts between Easton and plaintiff are ambiguous as to the rental terms for the concrete forming equipment and require extrinsic evidence in order to determine the amounts actually due and owing to plaintiff thereunder. State Finance Law § 137 (3) requires, as a condition precedent to bringing an action, that written notice of the claim be given stating with substantial accuracy the amount claimed *(cf., Great Lakes Plumbing Supply v Cam-Ful Indus.,* 148 AD2d 927; *see, Liles Constr. Co. v United States,* 415 F2d 889). Because we are unable to determine the amount of rental due plaintiff as of June 5, 1990 for each project, it is not possible to ascertain whether plaintiff's notices to Marx stated its claims with substantial accuracy; summary judgment in plaintiff's favor was therefore inappropriate.

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the resettled order in action No. 1 is reversed, on the law, without costs, and motion denied. Ordered that the order in action No. 2 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied; and, as so modified, affirmed.