■ VANDERVEER ASSOCIATES—No. 1 et al., Respondents, v ALLAN I. GROSS et al., Appellants. [614 NYS2d 29] —In an action for, *inter alia,* an accounting, the defendants appeal, as limited by their brief, from so much of a resettled order of the Supreme Court, Nassau County (Wager, J.), entered July 26, 1991, as (1) granted the plaintiffs' motion for partial summary judgment on their first, second, third, fourth, and fifth causes of action with regard to the issue of liability and referred the issue of damages to a Referee, and (2) dismissed defendants' first and second counterclaims and their second, third, and fourth affirmative defenses.

Ordered that the resettled order is affirmed insofar as appealed from, with costs.

This appeal concerns a contract dispute arising from the plaintiffs' March 17, 1987, sale of 59 apartment buildings to the defendants.

The Supreme Court properly granted the plaintiffs partial summary judgment on the issue of liability with respect to their first through fifth causes of action. The defendants had a contractual obligation to remit to the plaintiffs certain rent arrears and rent subsidy payments that were received by them after the closing. The defendants failed to comply with this obligation.

We note that, by an order entered October 27, 1988, the Supreme Court granted the plaintiffs partial summary judgment on their first through fifth causes of action to the extent

of directing the defendants to deliver a comprehensive statement to the plaintiffs regarding past due rent monies, forfeited security deposits, and rent subsidy payments. The defendants never appealed from that order, which effectively established their liability. Thus, they are precluded from relitigating the liability issue.

The defendants failed to comply with the Supreme Court's order entered October 27, 1988, and the plaintiffs moved for partial summary judgment on their first through fifth causes of action with regard to the issue of damages. By an order dated October 12, 1990, the Supreme Court denied the plaintiffs' motion with respect to the issue of damages, but adhered to its previous determination regarding the issue of the defendants' liability. The plaintiffs then moved to resettle the court's October 12, 1990, order. The Supreme Court granted the motion and, by a resettled order entered July 26, 1991, referred the issue of damages to a Referee. Thus, the defendants' contentions, insofar as they relate to the amount of damages, are not properly before this Court on this appeal.

We find that the Supreme Court properly dismissed the defendants' second and third affirmative defenses to the plaintiffs' causes of action for an adjustment of the purchase price. The plaintiffs had claimed that a mutual mistake was made in calculating the purchase price. The parties' underlying contract called for price adjustments to the cash portion of the sale price in order to reflect mortgage principal payments to be paid by the plaintiffs between the contract date and the closing date. While the defendants may challenge whether or not a mutual mistake existed, the underlying agreements and the issuance of the bargain and sale deeds do not, by themselves, bar the plaintiffs' causes of action for adjustments.

We have reviewed the defendants' remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.