■ JOANNE E. JEANSON, Respondent, v MIDDLEGROVE ESTATES, INC., Defendant and Third-Party Plaintiff-Appellant. D. J. CONTRACTORS, INC., Third-Party Defendant-Appellant. [634 NYS2d 818] —Casey, J. Appeal from an order of the Supreme Court (Teresi, J.), entered November 4, 1994 in Albany County, which denied motions by defendant and third-party defendant for summary judgment dismissing the complaint and third-party complaint.

Plaintiff, who was employed by third-party defendant as an interior painter, fell from a ladder to the ground while performing painting work in the course of her employment in connection with the construction of premises owned by defendant. As a result of the injuries she sustained in the fall, plaintiff sued defendant, as owner, alleging violations of Labor Law § 240 (1), § 241 (6) and § 200. Defendant brought a third-party action against third-party defendant, as plaintiff's employer, for indemnification and/or contribution.

After issue was joined, plaintiff moved for partial summary judgment on the issue of liability. Defendant opposed the motion and cross-moved for summary judgment against third-party defendant on the issue of liability and for common-law indemnification. Third-party defendant opposed the cross motion. Supreme Court granted plaintiff's motion for partial summary judgment and denied defendant's motion for summary judgment against third-party defendant. Subsequently, third-party defendant moved and defendant cross-moved for summary judgment against plaintiff, asserting that the exclusivity provision of the Workers' Compensation Law precluded plaintiff's action. Supreme Court denied the motion and the cross motion for the reason that the liability issue had previously been resolved by its prior order, which had become the law of the case. Defendant and third-party defendant appeal from this latter order.

On this appeal, we are concerned not with the doctrine of the law of the case, but with the collateral estoppel effect of

Supreme Court's prior order granting partial summary judgment to plaintiff (*see, Mahota v City of Hudson*, 179 AD2d 845, 846, *lv denied* 79 NY2d 760). The doctrine of collateral estoppel precludes a party from relitigating an issue which was finally decided by a prior order, so long as that party had a full and fair opportunity to have that issue decided in its favor (*supra*, at 846). In opposing plaintiff's motion for partial summary judgment, defendant clearly had a full and fair opportunity to have the issue of its liability to plaintiff decided in its favor, including the opportunity to raise the exclusivity provision of Workers' Compensation Law § 29 (6) as a complete bar to plaintiff's claim. Having failed to raise the defense despite the opportunity to do so, and having failed to appeal the order granting plaintiff partial summary judgment on the liability issue, defendant is precluded from relitigating the issue of its liability in a subsequent motion (*see, Vanderveer Assocs.—No. 1 v Gross*, 205 AD2d 753, *lv dismissed* 84 NY2d 1007; *Conesco Indus. v St. Paul Fire & Mar. Ins. Co.*, 184 AD2d 956, 958; *Mahota v City of Hudson, supra*).

We reach the same conclusion as to third-party defendant. Pursuant to CPLR 1008, third-party defendant was permitted to raise any defense that defendant might have against plaintiff's main claim (*see*, Siegel, NY Prac § 163, at 242-243 [2d ed]). As a result of this rule, we are of the view that if third-party defendant had notice of plaintiff's motion for partial summary judgment on the liability issue and an opportunity to oppose it, third-party defendant is bound by the order granting plaintiff's motion (*cf., Hartford Acc. & Indem. Co. v First Natl. Bank*, 281 NY 162). It is clear that third-party defendant had notice of plaintiff's motion for partial summary judgment on the liability issue and, in fact, submitted an affidavit in opposition to plaintiff's motion, but failed to avail itself of the opportunity to assert the exclusivity provision of the Workers' Compensation Law. Third-party defendant also failed to appeal the prior order granting partial summary judgment to plaintiff, as it was authorized to do by CPLR 1008. In these circumstances, we are of the view that third-party defendant, having had a full and fair opportunity to litigate the issue of defendant's liability to plaintiff, is precluded from relitigating the liability issue in a subsequent motion. The order appealed from should, therefore, be affirmed.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.