BRER-FOUR TRANSPORTATION CORP., Respondent, v ZURICH AMERICAN INSURANCE COMPANY et al., Appellants. [913 NYS2d 109]—

In an action to recover on a payment bond for a public improvement project under State Finance Law § 137 (3), the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 26, 2009, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

Schiavone Construction Co., Inc. (hereinafter Schiavone), was the general contractor on a public improvement project with the

New York City Department of Environmental Protection. Pursuant to the general construction contract, Schiavone was responsible for the excavation and disposal of more than one million cubic yards of rock and soil from the work site. Through a series of purchase orders, Schiavone contracted with Fleet Trucking, Inc. (hereinafter Fleet), for the trucking and disposal of excavated soil and rock from the site. Fleet, in turn, retained the plaintiff, a trucking company, to perform a portion of the trucking and disposal work. Schiavone obtained a payment bond with the defendants, as required by State Finance Law § 137. The plaintiff alleged that it was not fully compensated for the work it performed on the project, and commenced this action to recover on the payment bond. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

State Finance Law § 137 (3) provides that "a person having a direct contractual relationship with a subcontractor of the contractor furnishing the payment bond but no contractual relationship express or implied with such contractor shall not have a right of action upon the bond unless he [or she] shall [give] written notice to such contractor within one hundred twenty days from the date on which the last of the labor was performed or the last of the material was furnished, for which his [or her] claim is made."

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff failed to comply with the above quoted provision of State Finance Law § 137 (3). The general construction contract defined a "Subcontractor" as "any person, firm or corporation, other than employees of the Contractor, who or which contracts with the Contractor or with its Subcontractors to furnish, or actually furnishes labor, or labor and materials, or labor and equipment, at the site." Fleet falls within this definition of a subcontractor, as it performed a portion of the trucking and disposal work at the site pursuant to a series of purchase orders from Schiavone. In addition, the evidence demonstrated that the plaintiff had a direct contractual relationship with Fleet, but had no contractual relationship, either express or implied, with Schiavone, the general contractor who furnished the payment bond (*see* State Finance Law § 137 [3]).

Therefore, a condition precedent to bringing this action was for the plaintiff to give Schiavone written notice of its claim within 120 days from the date on which the last of the labor was performed (*see* State Finance Law § 137 [3]; *Great Lakes Plumbing Supply v Cam-Ful Indus.*, 148 AD2d 927 [1989]).

Since it is undisputed that the plaintiff did not give such notice of its claim to Schiavone, the defendants demonstrated their entitlement to summary judgment dismissing the complaint (*see Willets Point Asphalt Corp. v R.L.I. Ins. Co.*, 294 AD2d 356, 357 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.