■ GAY STANTON, Respondent-Appellant, v HEXAM GARDENS CONSTRUCTION COMPANY, INC., Appellant-Respondent.— Casey, J. Cross appeals from a judgment of the Supreme Court (Catena, J.), entered October 14, 1987 in Schenectady County, upon a verdict rendered in favor of plaintiff.

As a result of a severe fall on September 27, 1983 caused by a crevice about 1¼ inches wide and ½ to ⅝ inch deep between the parking lot and a ramp that led to the sidewalk and front door of a Price Chopper Supermarket in Crosstown Plaza in the City of Schenectady, plaintiff commenced suit against defendant for negligence in its improper construction

of the parking lot. The jury evaluated plaintiff's injuries at $450,000 but reduced that amount by 66⅔% attributed to plaintiff's contributory negligence. Supreme Court denied a motion for dismissal and to set aside the verdict. These cross appeals ensued.

We find the verdict amply supported by the evidence. Against defendant's contention that it had no notice of the allegedly dangerous condition and that plaintiff's injury was not reasonably foreseeable, we conclude that defendant's duty as landlord is to maintain its property in a reasonably safe condition in the circumstances and to guard against the risk of injury reasonably to be foreseen (*Basso v Miller*, 40 NY2d 233). Defendant was found by the jury to have breached that duty and that the breach proximately caused plaintiff's injuries. In order to set aside such verdict on the ground that it is against the weight of the evidence, it must appear that the verdict cannot be supported by any fair interpretation of the evidence (*Hoynacki v Cummings*, 127 AD2d 941, 942); defendant has failed to meet its burden in this regard.

Contrary to defendant's contention, prior notice of the condition is not required where defendant has constructed the ramp in question and its president visited the store weekly. The record reveals ample proof from which the jury could have concluded that defendant "should reasonably have foreseen that, under the conditions which prevailed, it was only a matter of time until someone might be injured" (*Quinlan v Cecchini*, 41 NY2d 686, 690).

With respect to plaintiff's damages, we further find the verdict justified by the evidence. Thomas R. Kershner, an economist, testified that the present value of plaintiff's lost earnings is $174,109, the value of past household services lost is $15,497 and that the present value of future medical services required by plaintiff is $160,173, for a total of $349,779. Plaintiff had previously hurt her neck and back in November 1981 and was treating with a chiropractor. Up to the time of her present injury plaintiff was overweight, weighing 260 pounds, and a diabetic who suffers from hypertension. As a diabetic she can only take aspirin for her pain. She works part time as a telemarketer and her work was further limited by her injuries. Her treatment of ultrasound and diathermy, two forms of heat therapy, along with massage and stretching, was originally necessary four times a week and is now reduced to twice a week. Plaintiff's household chores and recreational activities were drastically curtailed. The amount

of the verdict for these injuries and their consequences is fair in the circumstances.

In our view, the conclusions of Kershner were supported by the facts and the record and, therefore, were properly submitted to the jury, whose determination should not be disturbed. Based on the jury's acceptance of Kershner's testimony, the verdict would contain an award of approximately $100,000 for pain and suffering. The total award of $450,000 is, therefore, not shocking to the conscience of the court and Supreme Court was correct in refusing to set it aside.

We further find no merit to plaintiff's cross appeal, which argues that her contributory fault set by the jury at 66⅔% was excessive and against the weight of the evidence. The site of the accident was not excessively dangerous and no complaint about its condition had ever previously been made. It was, therefore, possible for the jury to find that plaintiff's conduct did not conform to the standard of a reasonably prudent person in the circumstances *(S.A.B. Enters. v Village of Athens,* 94 AD2d 915, 916, *appeal dismissed* 60 NY2d 860). The judgment appealed from should therefore be affirmed in its entirety.

Judgment affirmed, without costs. Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.

Mahoney, P. J., concurs in part and dissents in part in a memorandum. Mahoney, P. J. (concurring in part and dissenting in part). I respectfully dissent from the majority's determination that the jury's assessment of plaintiff's contributory fault at 66⅔% was not excessive or against the weight of the evidence. The factors cited by the majority to substantiate plaintiff's fault simply do not show that plaintiff's conduct did not conform to the standard of a reasonably prudent person. There is no other evidence of conduct by plaintiff to support such a conclusion. The inference in the jury's assessment is that plaintiff's obesity and health problems somehow caused this incident. But we all know that a negligent defendant "must completely indemnify [the plaintiff], regardless of his idiosyncrasy" *(United States Fid. & Guar. Co. v United States,* 152 F2d 46, 49 [Hand, J.]), or, as more commonly stated, a defendant takes the plaintiff as he finds him *(see, e.g., Bartolone v Jeckovich,* 103 AD2d 632, 635). I do not believe that plaintiff's weight and health substantiate the finding of contributory negligence *(see, Donnelly v City Univ.,* NYLJ, Apr. 22, 1988, at 14, cols 3-4). Accordingly, I would modify the judgment by reversing the jury's determination that plaintiff was 66⅔% contributorily negligent.