■ VERONICA H. MAHOTA et al., Respondents, v CITY OF HUDSON et al., Appellants, et al., Defendant, and CAHN ENGINEERS, INC., Defendant and Third-Party Plaintiff-Appellant. HUDSON COMMUNITY DEVELOPMENT & PLANNING AGENCY, Third-Party Defendant-Appellant.—Casey, J.

As a result of injuries sustained in a slip and fall on a sidewalk in front of the Home & City Savings Bank in the City of Hudson, Columbia County, plaintiff Veronica M. Mahota commenced a negligence action against Home & City Savings Bank, the City of Hudson, the engineering firm which designed the sidewalk and the contractor which installed the sidewalk. A third-party action was commenced by the engineering firm against Hudson Community Development & Planning Agency.

The bank moved for summary judgment dismissing the complaint and Supreme Court granted the motion, concluding

that as a matter of law the sidewalk defect which caused the injured plaintiff's fall was so trivial that it could not result in actionable negligence. Thereafter, the remaining defendants and third-party defendant moved for summary judgment, but Supreme Court denied their motions, concluding that an intervening change in the law with respect to trivial defects was effected by this court's decision in *Stanton v Hexam Gardens Constr. Co.* (144 AD2d 132). Supreme Court declined to give any preclusive effect to its earlier ruling on the bank's motion, explaining that collateral estoppel does not apply to a "pure question of law" and that the intervening change in the law justified departure from the law of the case doctrine.

We hold that the motions for summary judgment dismissing the complaint by the remaining defendants and third-party defendant must be granted. Although the question of whether a defect is so trivial that it will not give rise to actionable negligence cannot be decided merely on the basis of the depth of the particular sidewalk depression *(see, e.g., Loughran v City of New York,* 298 NY 320), it is our view that the doctrine of collateral estoppel precludes plaintiffs from relitigating the issue in the circumstances of this case.* The remaining defendants contend that the dispositive issue on their motions is whether the defect is so trivial that no negligence can arise from its creation or the failure to repair it. The identical issue was raised upon the prior motion of the bank. Plaintiffs appeared on the prior motion and submitted an affidavit of an expert to show that the creation and failure to correct the defect constituted actionable negligence. Supreme Court, however, held that because of the slight difference in elevation between the paving stones which allegedly caused the fall, plaintiffs had failed to show the existence of a triable issue of fact with respect to the actionable negligence of the abutting property owner. Plaintiffs apparently filed a notice of appeal from the prior order but failed to perfect the appeal. Having had a full and fair opportunity to have the issue of whether the defect can give rise to actionable negligence decided in their favor, and having failed, plaintiffs are precluded by the doctrine of collateral estoppel from relitigating the issue which was finally decided by the prior order *(see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). Assuming that a change in the law could in some way affect the full and fair opportunity plaintiffs had to litigate the issue

---

* Law of the case, which operates to bind courts of coordinate jurisdiction, is irrelevant to this appeal *(see, Kraemer v McGowan,* 89 AD2d 763, 764).

on the prior motion *(see,* Siegel, NY Prac § 467, at 710 [2d ed]), we are of the view that the decision in *Stanton v Hexam Gardens Constr. Co. (supra)* did not effect a significant change in the law regarding trivial defects.

Mikoll, Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted and complaint dismissed.