■ MICHAEL BUTLER et al., Respondents, v HARVEY BROWN, Appellant.—Judgment, Supreme Court, New York County (Robert E. Lynch, J., and a jury), entered August 8, 1990, in favor of plaintiffs Michael Leo and Michael Butler in the amounts of $35,000 and $20,000, respectively, together with prejudgment interest, unanimously affirmed, with costs.

Plaintiffs sued the City of New York for false arrest and

malicious prosecution after criminal charges against them were dismissed in 1977. In November 1983, a jury awarded plaintiffs $400,000 for false arrest while returning a defendant's verdict on the claim for malicious prosecution. The court however, on a post-trial motion, set aside the verdict, finding that plaintiffs' trial counsel had failed to file a timely notice of claim with respect to the false arrest claim, and that there should be a new trial with respect to the malicious prosecution claim because the jury verdict in favor of the City was against the weight of the evidence, a ruling affirmed by the Appellate Term, Second Department, in September 1985. Plaintiffs retained the legal services of defendant Brown to commence an action for legal malpractice against their original attorneys and to prosecute their claim for malicious prosecution against the City, but the latter was dismissed for failure to prosecute pursuant to CPLR 3404. Plaintiffs then instituted the instant malpractice action against defendant Brown.

The trial court correctly determined that, as a matter of law, plaintiffs' underlying action against the City was stricken from the trial calendar on November 9, 1983, upon return of the jury verdict, and that the one-year period constituting abandonment set forth in CPLR 3404 began to run at that time. Although the time to restore the action to the trial calendar was tolled on several occasions, it had clearly expired by August 1986. There was no need for expert testimony with respect to whether the case had been "marked off" and defendant's malpractice for failure to restore it *(see, S & D Petroleum Co. v Tamsett,* 144 AD2d 849, 850).

Defendant was not deprived of a fair trial by reason of the rulings with which he takes issue, and his claim concerning the admissibility of certain 911 tapes is unpreserved. Nor was it error to award prejudgment interest from September 1, 1986, the accrual of the malpractice action, pursuant to CPLR 5001 (a) *(see, Spector v Mermelstein,* 485 F2d 474 [2d Cir]; *Quintel Corp. v Citibank,* 606 F Supp 898 [SD NY]). Concur— Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.