■ CARL HORSTMANN, Respondent, v NICHOLAS J. GRASSO, P. C., et al., Copartners Practicing Under the Name of GRASSO, RODRIGUEZ, PUTORTI AND GRASSO, et al., Appellants. [619 NYS2d 848] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Lynch, J.), entered November 12, 1993 in Schenectady County, which, inter alia, denied defendants' motion to apply the collateral source rule to plaintiff's award for lost wages, and (2) from an amended order of said court, entered December 28, 1993 in Schenectady County, which denied defendants' motion to prohibit preverdict interest, and (3) from the judgment entered thereon.

Plaintiff fell on the sidewalk on April 27, 1981 as he proceeded to the front door of the Fairchild Instruments Building in the Town of Colonie, Albany County, and sustained personal injuries. He retained defendants in May 1981 to prosecute an action against all responsible parties. However, defendants failed to commence any action prior to the expiration of the applicable Statute of Limitations on April 27, 1984. Consequently, plaintiff commenced an action against defendants for their failure to diligently prosecute his personal injury claim, alleging one cause of action for legal malpractice and another for breach of contract.

Finding that defendants admitted, in their amended answer, the existence of an express contract with plaintiff and its breach, Supreme Court granted plaintiff's motion for a directed verdict. Supreme Court submitted to the jury the issues of comparative negligence in the underlying personal injury claim and measurement of damages. The jury found plaintiff to be 75% at fault and awarded plaintiff damages in the sum of $84,644.26.

Following the jury verdict, defendants moved to have Supreme Court (1) apply CPLR 4545 (c) to reduce that part of the award reflecting lost wages, as those losses had been recovered via a collateral source, and (2) to prohibit the award of preverdict interest. Supreme Court denied defendants' motions. Judgment was entered and these appeals by defendants ensued.

Defendants' contention that Supreme Court erred in failing to apply CPLR 4545 (c) to reduce the award for lost wages lacks merit. CPLR 4545 (c) provides that in an "action brought to recover damages for personal injury, injury to property or wrongful death" where plaintiff seeks to recover, *inter alia,* lost earnings, evidence shall be admitted to demonstrate that such loss was or will be recovered in whole or in part from any collateral source. Thus, resolution of the issue turns on whether the instant action is characterized as one for legal malpractice or breach of contract *(see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 707; *Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 42). "[Where] plaintiff's causes of action sound in both negligence and contract, the measure of damages in a legal malpractice action is generally the same * * *. The object of compensatory damages is to make the injured client whole. Where the injury suffered is the loss of a cause of action, the measure of damages is generally the value of the claim lost [citations omitted]" *(Campagnola v Mulholland, Minion & Roe, supra,* at 42).

As CPLR 4545 (c), by its terms, is not applicable to contract actions, Supreme Court properly declined to employ it to reduce plaintiff's award for lost earnings. Moreover, since the three-year Statute of Limitations on plaintiff's underlying personal injury action (see, CPLR 214) concededly expired on April 27, 1984, more than two years prior to the effective date of CPLR 4545 (c), it could not have been applied to reduce the award of lost wages. Further, CPLR 4545 (c) should not be applied retroactively (see, De Coste v Champlain Val. Physicians Hosp., 147 AD2d 793, 794-795, lv denied 74 NY2d 604).

Defendants' argument that Supreme Court erroneously allowed plaintiff to be awarded prejudgment interest under CPLR 5001 is likewise rejected. Contrary to defendants' assertions, plaintiff's claim is based upon breach of contract and, as CPLR 5001 operates to permit an award of prejudgment interest from the date of the accrual of the malpractice action in actions seeking damages for attorney malpractice (see, Butler v Brown, 180 AD2d 406, 407, lv denied 80 NY2d 751; see also, Spector v Mermelstein, 485 F2d 474, 482; Quintel Corp. v Citibank, 606 F Supp 898, 914), Supreme Court properly allowed recovery for prejudgment interest. However, as plaintiff concedes that Supreme Court improperly applied CPLR 5001 to that portion of the award attributable to future pain and suffering, the prejudgment interest award should be reduced correspondingly.

Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs. Ordered that the amended order and judgment are modified, on the law, without costs, by reversing so much thereof as applied CPLR 5001 to that portion of the award attributable to future pain and suffering; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.