■ Ahmad Shabrawy, Appellant, v Ocean Ships, Inc., Respondent. [641 NYS2d 36] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered November 28, 1994, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction over defendant, unanimously affirmed, without costs.

The IAS Court properly dismissed the present action, seeking recovery for personal injuries sustained by plaintiff while on a vessel owned and operated by defendant in territorial waters off Norway, for lack of in personam jurisdiction over the nondomiciliary defendant, a Delaware corporation with its principal place of business in Houston, Texas, which maintains no place of business or office in this State and which owns five sea vessels that do not operate in New York waters. We agree with the IAS Court that there exist no significant minimum contacts, ties or relations between defendant and this State (*see, World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 291-294), and that defendant foreign corporation is not amenable to suit in the courts of this State pursuant to CPLR 301 where it has not engaged in such a "continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted" (*Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33). Nor may the courts of this State exercise "long-arm jurisdiction" over the nondomiciliary defendant pursuant to CPLR 302 because the defendant did not transact any business or contract to provide any goods or services in this State (*see, Frummer v Hilton Hotels Intl.*, 19 NY2d 533, 535-536, *cert denied* 389 US 923). The fact that defendant hired plaintiff through a Maryland-based union, which used a New York hiring hall, is too remote to confer jurisdiction (*cf., Longines-Wittnauer Watch Co. v Barnes & Reinecke*, 15 NY2d 443, 456-458).

Defendant did not waive the defense of lack of personal jurisdiction, having clearly asserted that affirmative defense in

its answer (*see, Gager v White*, 53 NY2d 475, 488, *cert denied sub nom. Guertin Co. v Cachat*, 454 US 1086). We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Kupferman, Ross and Tom, JJ.