■ Veronica H. Mahota et al., Respondents, v Cade & Saunders, P. C., Appellant. [644 NYS2d 429] —Mikoll, J.

Plaintiffs are suing defendant for legal malpractice based upon defendant's representation of plaintiffs with respect to a personal injury claim resulting from plaintiff Veronica H. Mahota's tripping and falling on a sidewalk in front of the Home & Savings Bank in the City of Hudson, Columbia County. Plaintiffs allege malpractice on defendant's part for its failure to perfect an appeal from an order of the Supreme Court, dated June 16, 1988, wherein the court dismissed plaintiffs' claim against the bank after ruling that a $7/16$ of an inch differential in height of adjoining sidewalk sections was trivial and the defect was not actionable as a matter of law. A notice of appeal was filed but the appeal was not perfected by defendant and was therefore dismissed. The remaining defendants and the third-party defendant in that personal injury action also moved to dismiss on the same ground. Supreme Court, by order of November 2, 1990, denied that motion finding that the law concerning trivial defects had changed since its prior decision, citing to our decision in *Stanton v Hexam Gardens Constr. Co.* (144 AD2d 132). On appeal we reversed and dismissed the complaint, finding that plaintiffs were collaterally estopped from relitigating the issue. We also held that the law of trivial defects had not significantly changed (*see, Mahota v City of Hudson,* 179 AD2d 845, 846, *lv denied* 79 NY2d 760). While plaintiffs' unsuccessful motion for leave to appeal to the Court of Appeals was pending, the instant malpractice action was commenced by plaintiffs.

Defendant's motion for summary judgment dismissing the malpractice action was denied and plaintiffs' motion for partial summary judgment was granted to the extent of adjudicating that an appeal of the order issued by Supreme Court in the underlying personal injury action would have been reversed on appeal and plaintiffs' action would have continued to trial. This appeal ensued.

Defendant contends that it should have been granted summary judgment in that Supreme Court's original order of June 16, 1988 finding that the defect was not actionable was correct and, since no reversal would have been granted were an ap-

peal prosecuted, no malpractice had occurred. We disagree. When this Court reversed Supreme Court's decision in the appeal by the remaining defendants and third-party defendant and granted the motions for summary judgment based upon collateral estoppel due to the unappealed grant of summary judgment to the bank, we specifically noted that no significant change in the law was effected by the *Stanton* case apropos to trivial defects and "the question of whether a defect is so trivial that it will not give rise to actionable negligence cannot be decided merely on the basis of the depth of the particular sidewalk depression" (*Mahota v City of Hudson, supra*, at 846). Given these unique facts, we agree with Supreme Court that the original grant of summary judgment to the bank would have been reversed by this Court and the matter would have gone to trial had defendant in this malpractice action perfected plaintiffs' appeal. However, this circumstance creates questions of fact as to whether plaintiffs would have ultimately prevailed at any ensuing trial on the merits; thus, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.

Mercure, White and Spain, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, with costs.