■ MATTHEW HORAN, Respondent, v OCEAN SHIPS, INC., Appellant. [692 NYS2d 660] —In an action, *inter alia,* to recover damages for personal injuries pursuant to the Jones Act (46 USC § 688), the defendant appeals from a judgment of the Supreme Court, Kings County (Yoswein, J.), entered December 24, 1997, which, upon a jury verdict and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict, is in favor of the plaintiff and against it in the principal sum of $1,071,165.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the jury's verdict that the defendant's ship, the Gus W. Darnell, was seaworthy was not inconsistent with its verdict that an employee of the defendant had been negligent and the negligence was a proximate cause of the injuries suffered by the plaintiff, Matthew Horan. The trial court's charge to the jury regarding seaworthiness, to which the defendant did not object, was limited to a narrow definition of the term such that the jury could reasonably have concluded that the defendant's ship and its equipment were reasonably fit for their intended use, but that the plaintiff's other claims could only be resolved on a negligence theory (*see, Henry v A/S Ocean,* 512 F2d 401, 405).

In light of the evidence before the jury regarding the plaintiff's past earnings and his future earning capacity, the combined award for loss of past and future earnings was not excessive (*see, Deakle v Graham & Sons,* 756 F2d 821, 829).

We note that the defendant attempts to obtain review of its contention that the Supreme Court lacked personal jurisdiction over it. However, the defendant raised this issue in its motion to dismiss the complaint, which was denied by an order of the Supreme Court dated May 10, 1996. Although the defendant

filed a notice of appeal dated June 21, 1996, from that order, it failed to timely perfect the appeal, and by decision and order dated February 4, 1997, this Court dismissed that appeal for want of prosecution. The dismissal for want of prosecution constituted an adjudication "on the merits of all claims which could have been litigated had the appeal been timely argued or submitted" (*Bray v Cox,* 38 NY2d 350, 355). Consequently, the defendant is precluded in the instant appeal from obtaining appellate review of its contention that the court lacked personal jurisdiction.

The defendant's remaining contentions are either without merit or unpreserved for appellate review. S. Miller, J. P., Ritter, Altman and Luciano, JJ., concur.