**OCEAN SHIPS, INC., Plaintiff–Appellee,**

v.

**Thomas E. STILES and Stiles & Wright, P.C., Defendants–Appellants.**

**Docket No. 02–7936.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 28, 2002.

Decided: Dec. 24, 2002.

Cheryl F. Korman, Rivkin Radler LLP, Uniondale, New York (Evan H. Krinick, Merril S. Biscone, Daniel Hughes, Harris J. Zakarin, of counsel), for Defendants–Appellants.

Richard G. Menaker, Menaker & Herrmann LLP, New York, New York (Mark

G. Duncan, of counsel), for Plaintiff–Appellee.

Before FEINBERG, JACOBS, and SACK, Circuit Judges.

JACOBS, Circuit Judge.

Defendants Thomas E. Stiles and the law firm of Stiles & Wright (collectively, "Stiles") appeal from a judgment entered in the United States District Court for the Southern District of New York (Casey, *J.*), granting summary judgment in favor of Ocean Ships, Inc. on its legal malpractice claim against Stiles. The district court held that Stiles' failure timely to perfect a meritorious interlocutory appeal challenging personal jurisdiction over Ocean Ships in the underlying personal injury action was the proximate cause of Ocean Ships' loss, and that the loss is measured by the full amount of the personal injury judgment. We conclude that Stiles raised a material issue of fact as to whether the personal injury plaintiff would have pursued his tort claim against Ocean Ships in Texas if the New York action was dismissed for lack of personal jurisdiction. We therefore vacate the judgment and remand for further proceedings on the issue of the amount of damages (if any) caused by the malpractice.

## BACKGROUND

In the underlying suit, Matthew Horan sued his employer, Ocean Ships, in 1992 for a personal injury he suffered aboard ship off the British coast. The suit was brought in state court in New York under the Jones Act, 46 App. U.S.C.A. § 688; *Horan v. Ocean Ships, Inc.*, No. 29556/92 (N.Y.Sup.Ct. Dec. 24, 1997). Ocean Ships alleged lack of personal jurisdiction in New York, and moved to dismiss on that ground. The trial judge denied the motion immediately before trial in February 1996, but did not publish the corresponding order until after the trial, on May 10, 1996 ("May 10, 1996 Order"). Just in case, Horan had engaged Texas counsel who filed a protective suit against Ocean Ships in Harris County, Texas, on August 2, 1995.

In March 1996, the New York jury returned a verdict against Ocean Ships in the sum of $1,071,165.00.

Stiles was retained soon afterward to assist with Ocean Ships' post-trial motions and to be solely responsible for the appeal. On April 22, 1996, Ocean Ships filed a post-trial motion to set aside the verdict and reargue the prior decision on personal jurisdiction. While that motion was pending, the trial court issued the May 10, 1996 Order, which denied the motion to dismiss for lack of personal jurisdiction; Stiles filed a notice of appeal from that Order on June 21, 1996 (the "Initial Appeal").

By decision and order dated October 2, 1996, the trial court decided the reargument motion and reaffirmed its ruling that Ocean Ships was subject to personal jurisdiction in New York. By then, the ruling on personal jurisdiction had become more vulnerable: between the submission of the post-trial motion and the court's decision, two other cases against Ocean Ships in New York were dismissed for lack of personal jurisdiction.

Additional disputes delayed entry of the final judgment until December 24, 1997. The verdict plus pre-judgment interest totaled $1,245,779.95.

Procedure in the Appellate Division, Second Department requires that appeals be perfected within six months of filing the notice of appeal by filing of appellant's brief and the record. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 670.8. The Initial Appeal was never perfected, however. In January 1997, the dismissal calendar published in the *New York Law Jour-*

*nal* warned that the Initial Appeal would be dismissed unless a motion was made within ten days to enlarge the time to perfect. Stiles failed to do so, and the Initial Appeal was dismissed on February 4, 1997.

Stiles explains that he decided not to perfect the Initial Appeal because he believed that the personal jurisdiction issue would be subsumed in the appeal from the trial court's decision on the reargument motion. Acting on that belief, Stiles perfected a new appeal after the December 24 final judgment was entered, raising the personal jurisdiction issue (among others). The Appellate Division, however, ruled that the dismissal of the Initial Appeal amounted to an adjudication on its merits, refused to consider personal jurisdiction, and affirmed the judgment. *See Horan v. Ocean Ships, Inc.*, 262 A.D.2d 531, 692 N.Y.S.2d 660 (2d Dep't 1999).

Ocean Ships' liability insurer was The Steamship Mutual Underwriting Association ("Steamship Mutual"). In February 2000, Steamship Mutual paid $1,489,952.69 into Stiles' escrow account, and the judgment was satisfied.

Ocean Ships later filed this diversity action in the Southern District of New York, alleging that Stiles (1) negligently failed timely to perfect the appeal on the personal jurisdictional issue, (2) breached his professional services contract, and (3) negligently failed to ensure that the final judgment in *Horan* was entered timely so as to prevent the accumulation of interest.

On cross-motions for summary judgment, the district court granted summary judgment in favor of Ocean Ships on its claim that Stiles committed legal malpractice by failing timely to perfect the appeal

on the personal jurisdiction issue, and awarded as damages $1,778,980.24, representing the amount paid to Horan ($1,489,-952.66), plus interest from the date the judgment was paid ($282,152.13), plus disbursements ($6875.45). Because Ocean Ships thereby received the full measure of its damages, the district court did not address the other two causes of action.

## DISCUSSION

### A. Subject Matter Jurisdiction

Stiles contends that because Steamship Mutual paid all of the *Horan* judgment except for the policy deductible, the maximum malpractice damages incurred by Ocean Ships is $5000, and argues that Ocean Ships therefore cannot satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a).[1] We disagree.

■ Our analysis is controlled by the "legal certainty" test announced by the Supreme Court:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (footnotes omitted).

■ The complaint alleges legal malpractice, breach of contract, and negligence claims and seeks no less than $850,000 in damages, alleged to be the difference between the *Horan* judgment

---

1. Under 28 U.S.C. § 1332(a), federal jurisdiction will lie "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." *Id.* There is no dispute that the parties are of diverse citizenship.

and the lesser judgment Horan would have won in Texas if the New York action had been dismissed on appeal. "This Court recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,* 166 F.3d 59, 63 (2d Cir.1999).

 Stiles attempts to rebut this presumption by claiming that Ocean Ships is limited to recovering only its $5000 deductible. But this ignores New York law, which (as the parties agree) provides the substantive law in this case. New York generally follows the "collateral source" rule,[2] under which "damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partially indemnified for his loss by insurance effected by him and to the procurement of which the wrongdoer did not contribute." *Healy v. Rennert,* 9 N.Y.2d 202, 206, 213 N.Y.S.2d 44, 46, 173 N.E.2d 777 (1961); *see also Hugo Boss Fashions, Inc. v. Fed. Ins. Co.,* 252 F.3d 608, 623 n. 15 (2d Cir.2001); *Kish v. Bd. of Educ.,* 76 N.Y.2d 379, 383–84, 559 N.Y.S.2d 687, 689, 558

N.E.2d 1159 (1990). Ocean Ships' recovery therefore is not necessarily limited to $5000—or to any other figure below the amount-in-controversy requirement.[3]

## B. Real Party in Interest

Stiles argues that Steamship Mutual—not Ocean Ships—is the real party in interest within the meaning of Rule 17(a) because Steamship Mutual paid the entire judgment and all costs in the *Horan* action, minus only the $5000 deductible.

 Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). Status as a real party in interest is a procedural matter; therefore, "in diversity cases federal law governs the issue of in whose name a lawsuit must be brought." *Brocklesby Transp. v. E. States Escort Servs.,* 904 F.2d 131, 133 (2d Cir.1990).[4] The Supreme Court has provided the Rule 17(a) analysis applicable to subrogation arrangements:

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of

**2.** New York has partially abolished the collateral source rule in certain tort actions, including: actions for medical, dental, and podiatric malpractice; certain actions against a public employer; and actions for personal injury, injury to property, and wrongful death. *See* N.Y. C.P.L.R. § 4545 (McKinney 1991). The statute does not apply to a contract claim, *see Horstmann v. Nicholas J. Grasso P.C.,* 210 A.D.2d 671, 619 N.Y.S.2d 848, 850 (3d Dep't 1994), which Ocean Ships has also pleaded.

**3.** The district court held that the amount-in-controversy requirement was satisfied because after suit was filed, Steamship Mutual ratified in writing a pre-filing oral assignment to Ocean Ships of any claims of Steamship Mutual against Stiles. The district court evidently assumed that the assignment retroactively lifted the amount in controversy above the threshold because Rule 17(a) provides

that such a ratification "shall have the same effect as if the action had been commenced in the name of the real party in interest." Fed. R.Civ.P. 17(a). We analyze the issue differently, and therefore do not consider the district court's reasoning.

**4.** Because state law "controls the underlying substantive right of an insured to recovery," *Brocklesby Transp.,* 904 F.2d at 133, "state-law questions may arise in determining what interest [a party] actually has," *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (applying federal law to question of joinder in diversity case). Stiles cites no principle of New York law that would deprive Ocean Ships of an interest in this suit for legal malpractice and breach of contract—which is unsurprising given New York's collateral source doctrine, *see supra* Part A.

the loss both the insured and insurer ... have substantive rights against the tortfeasor which qualify them as real parties in interest.

*United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 380–81, 70 S.Ct. 207, 94 L.Ed. 171 (1949) (internal citation omitted). Ocean Ships' payment of the $5000 deductible created a sufficient independent interest. *See Brocklesby Transp.,* 904 F.2d at 133;[5] *see also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1546, at 360 (2d ed.1990). Ocean Ships is therefore a real party in interest under Rule 17(a).[6] And if the policyholder achieves a judgment that exceeds the deductible amount, that is a matter of contract between the policyholder and the insurer.

**C. Legal Malpractice**

■ We review the grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ The elements of legal malpractice under New York law are " '(1) a duty, (2) a

breach of the duty, and (3) proof that the actual damages were proximately caused by the breach of the duty.' " *Tinelli v. Redl,* 199 F.3d 603, 606 (2d Cir.1999) (quoting *Marshall v. Nacht,* 172 A.D.2d 727, 569 N.Y.S.2d 113, 114 (2d Dep't 1991)).

*1. Duty and Breach.*

■ As the district court observed, "New York courts have held both implicitly and explicitly that failure to perfect an appeal is a breach of an attorney's duty to his client." Apr. 3, 2002 Transcript at 4 (citing *Mahota v. Cade & Saunders, P.C.,* 228 A.D.2d 924, 644 N.Y.S.2d 429 (3d Dep't 1996); *Gibbs v. Singer,* 159 Misc.2d 262, 604 N.Y.S.2d 478 (1993); *Katsaris v. Scelsi,* 115 Misc.2d 115, 453 N.Y.S.2d 994 (1982)). Stiles declines to concede the breach-of-duty issue, but abandons the point in effect because he points to no error in the district court's conclusion. *See United States v. Babwah,* 972 F.2d 30, 34 (2d Cir.1992); *see also* Fed. R.App. P. 28(a)(9). An abandoned claim may nevertheless be considered if manifest injustice would otherwise result, *see Babwah,* 972 F.2d at 35 (citing Fed. R.App. P. 2), which is not the case here.

*2. Proximate Cause.*

Stiles' malpractice is the proximate cause of Ocean Ships' damages if, but for Stiles' failure to perfect the Initial Appeal, the Appellate Division would have reversed the finding of personal jurisdiction over Ocean Ships. *See Tinelli,* 199 F.3d at 606; *Katsaris,* 453 N.Y.S.2d at 996. The

---

**5.** We remanded in *Brocklesby Transport* to resolve a factual dispute about whether the insured was fully or partially compensated for its loss. 904 F.2d at 133–34. Here, Stiles concedes that Ocean Ships was only partially compensated.

**6.** The district court held that Ocean Ships satisfied Rule 17(a) by virtue of Steamship Mutual's ratification of its assignment of claims to Ocean Ships. This analysis is unnecessary because we hold that Ocean Ships was a real party in interest at the commencement of the suit.

district court considered the merits of the jurisdictional issue and concluded (placing itself in the position of the Appellate Division) that "Ocean Ships had insufficient contacts with New York to be sued there." Apr. 3, 2002 Transcript at 6.

■ Stiles contends that "Ocean Ships has the burden of establishing *certain* success on appeal," Appellant's Br. at 27 (emphasis added), and therefore can prevail only by adducing controlling authority that answers the jurisdiction question conclusively. But that is not the law. What is required is that "[t]he judge ... determine what the appellate court would have done," *Katsaris,* 453 N.Y.S.2d at 996, using the same standards that the appellate court would have applied, *id.* at 997. That is just what the district court did when it analyzed the jurisdictional question *de novo, see, e.g., Granat v. Bochner,* 268 A.D.2d 365, 702 N.Y.S.2d 262, 263 (1st Dep't 2000), and from the Appellate Division's vantage point.

Stiles next challenges the conclusion that personal jurisdiction could not be grounded on New York's general jurisdiction statute, N.Y. C.P.L.R. § 301 (McKinney 2001), or on New York's long-arm statute, *id.* § 302. Our review on this question is *de novo.*

■ As the district court noted, the issue of personal jurisdiction over Ocean Ships in New York has been decided previously by three other courts, each of which concluded that Ocean Ships was not subject to personal jurisdiction here. *See*

*Shabrawy v. Ocean Ships, Inc.,* 226 A.D.2d 277, 641 N.Y.S.2d 36, 37 (1st Dep't 1996); *Alkhulaqi v. Ocean Ships, Inc.,* No. 95 Civ. 10458, 1996 WL 403057, at *3 (S.D.N.Y. July 18, 1996) (Patterson, *J.*); *Hanback v. Ocean Ships, Inc.,* No. 97 Civ. 0025, 1997 WL 419644, at *3 (E.D.N.Y. July 18, 1997) (Johnson, *J.*). We agree with these cases, and with the analysis (as follows) of the district court:

> Ocean Ships did not maintain any place of business in New York and did not operate its ships in New York waters. The mere fact that Ocean Ships had furnished the seamen with transportation to the vessel and returned them to New York after the injury was held [by the three courts that found no personal jurisdiction over Ocean Ships] to be too attenuated. Moreover, th[ose] courts concluded that the use of a New York hiring hall by a Maryland-based union in order to recruit the seamen could not be attributed to Ocean Ships.

Apr. 3, 2002 Transcript at 6. For these reasons, we conclude that Ocean Ships was not subject to personal jurisdiction in New York,[7] and that the Appellate Division would have ordered dismissal of the *Horan* action.

3. *Damages.*

The district court ruled that Stiles is liable to Ocean Ships for the whole amount of the underlying tort judgment. Apr. 3, 2002 Transcript at 8–9. In so ruling, the district court relied on a West Virginia case for the proposition that a client is

---

7. In asserting personal jurisdiction over Ocean Ships, the trial court in *Horan* (the underlying personal injury case against Ocean Ships) relied erroneously on *Rios v. Altamont Farms, Inc.,* 64 N.Y.2d 792, 486 N.Y.S.2d 913, 476 N.E.2d 312 (1985), *rev'g* 100 A.D.2d 405, 475 N.Y.S.2d 520 (3d Dep't 1984). The *Rios* plaintiffs were residents of Puerto Rico attempting to enforce a Puerto Rico default

judgment against a New York corporation in New York court. The Court of Appeals held that the corporation's contacts with Puerto Rico were sufficient to satisfy constitutional due process. Personal jurisdiction in New York was not in issue, and the court had no need to consider whether New York's statutory requirements were met.

entitled to the full amount of the judgment in the underlying action when the lawyer fails to perfect a meritorious appeal. *Id.* at 8 (citing *Better Homes, Inc. v. Rodgers,* 195 F.Supp. 93, 97 (N.D.W.Va.1961)). The relevant passage in *Better Homes* states: "[T]he better reasoned cases support an award of damages in the full amount of the judgment suffered and paid by the plaintiff client where he can prove that a timely appeal would have resulted in a reversal of the judgment against him *and entry of judgment in his favor as a matter of law.*" 195 F.Supp. at 97 (emphasis added); *see also* John E. Theuman, Annotation, *Measure and Elements of Damages Recoverable for Attorney's Negligence in Preparing or Conducting Litigation—Twentieth Century Cases,* 90 A.L.R.4th 1033, 1077–80 (1991) (collecting cases applying *Better Homes* rule).

The wording in *Better Homes* supports the conclusion that a recovery in full of the underlying judgment is justified where the underlying plaintiff would have recovered nothing but for the malpractice. Thus in *Childs v. Comstock,* 69 A.D. 160, 74 N.Y.S. 643 (1st Dep't 1902), which earlier stated the same rule, the forfeited appellate issue determined the outcome of the case on the merits. *See id.* at 645 (whether clients' "dead oil" was a "distilled oil" under Tariff Act of 1894, 28 Stat. 511).[8]

██ Legal malpractice actions are often described as a "lawsuit within a lawsuit." *See, e.g., Katsaris,* 453 N.Y.S.2d at 996. Where malpractice is shown to have affected the proceedings, the inquiry shifts to what would have happened if the claim had been decided in the absence of malpractice. Here, the district court found that but for malpractice the New York suit would have been dismissed, a conclusion that is sound as far as it goes. However, Stiles raised a material issue as to whether dismissal of the New York suit would have defeated the claim so that Ocean Ships would have suffered no loss. Horan had filed a protective suit in Texas precisely to guard against the possibility of dismissal in New York, and the strong inference is that Horan would have pursued the merits of his claim in Texas if Ocean Ships had prevailed on the defaulted jurisdictional appeal. (Ocean Ships does not contest that it was amenable to suit in Texas.) And the only evidence on the merits—the New York jury award, which was affirmed on appeal—suggests that Ocean Ships was in fact responsible for Horan's injury. There is even a question as to whether the dismissal of the New York suit would have been a development favorable to Ocean Ships: if Stiles had won the appeal instead of forfeiting it, and if the Texas action had gone forward, as Horan evidently intended, it is possible that Ocean Ships would have been hit with a judgment even larger than the one suffered in New York.

Because Stiles presented evidence that Horan would have pursued his claim in Texas if the New York claim was dismissed on jurisdictional grounds (i.e., if Ocean Ships had won in the New York appeal), the district court should have ascertained what damages, if any, Horan would have obtained in Texas. Subject to other circumstances that the record may show, the damages Ocean Ships suffered by reason of the malpractice is the amount of the New York tort judgment less the amount Horan would have recovered in Texas.

---

**8.** In both *Better Homes* and *Katsaris,* the forfeited issue on appeal was whether the plaintiff in the underlying suit presented sufficient evidence to support the verdict. Both courts ultimately decided that the clients' appeals would not have resulted in judgments as a matter of law in the clients' favor. *See Better Homes,* 195 F.Supp. at 95, 99; *Katsaris,* 453 N.Y.S.2d at 996–98. Thus, neither case triggered the *Better Homes* rule on damages.

On remand, the fact issues are whether Horan would have pursued his claim in Texas, and if so, what the outcome of that action would have been. In legal malpractice actions, courts are frequently required to value lost claims, *see, e.g., Campagnola v. Mulholland, Minion & Roe,* 76 N.Y.2d 38, 42, 556 N.Y.S.2d 239, 241, 555 N.E.2d 611 (1990), and we see no difference between that inquiry and the one mandated herein. However, if the Texas award cannot be determined without resorting to "gross speculations on future events," then Ocean Ships' malpractice claim fails as a matter of law. *See Sherwood Group, Inc. v. Dornbush, Mensch, Mandelstam & Silverman,* 191 A.D.2d 292, 594 N.Y.S.2d 766, 768 (1st Dep't 1993). We intimate no view concerning the pursuit or outcome of Horan's claim in a hypothetical Texas action. That is for the finder of fact. Also potentially at issue is whether Ocean Ships is entitled to recover the attorney's fees it paid to Stiles, and any pre-judgment interest.

### D. Breach of Contract and Negligence Claims

The district court did not reach the breach-of-contract and negligence claims asserted by Ocean Ships because the district court's grant of summary judgment on the malpractice claim afforded Ocean Ships full satisfaction. We decline Stiles' invitation to rule on these claims for the first time on appeal.

### CONCLUSION

The district court's judgment is vacated, and we remand to the district court for proceedings not inconsistent with this opinion.