**Eglon BASCOM, Plaintiff–Appellant,**

v.

**Dr. Ethan FRIED, et. al, Defendants–Appellees.**

No. 04–1523–CV.

United States Court of Appeals, Second Circuit.

Nov. 15, 2004.

Eglon Bascom, Brooklyn, NY, for Appellant, pro se.

Richard E. Lerner, Wilson, Moskowitz, Edelman & Dicker, LLP, New York, NY, for Appellees.

PRESENT: WINTER, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Eglon Bascom, *pro se,* appeals from a judgment of the United States District Court for the Eastern District of New York (Gershon, J.), dismissing Bascom's federal employment discrimination claims pursuant to Fed.R.Civ.P. 12(b)(6) and declining to exercise supplemental jurisdiction over his state breach of contract claim. The parties' familiarity with the facts is assumed. Upon review of the record and applicable law, we affirm the judgment, largely for the reasons stated by the district court, and deny Bascom's pending appellate motions.

This Court "consider[s] abandoned any claims not adequately presented in an appellant's brief." *Schwapp v. Town of Avon,* 118 F.3d 106, 112 (2d Cir.1997). This principle has been applied to *pro se* litigants. See *Cruz v. Gomez,* 202 F.3d 593, 596 n. 3 (2d Cir.2000) ("When a litigant—including a *pro se* litigant—raises an issue before the district court but does not raise it on appeal, the issue is abandoned."). Additionally, the "[m]ere referencing of other claims does not constitute an argument on appeal." *Schwapp,* 118 F.3d at 112 (deeming claims to be aban-

doned where counseled litigant included "no legal or factual arguments" relating to them). However, "[a]n abandoned claim may nevertheless be considered if manifest injustice would otherwise result." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 117 (2d Cir.2002). See also *Dale v. Bartels*, 732 F.2d 278, 284 n. 9 (2d Cir.1984) (declining to apply abandonment doctrine where, on appeal, *pro se* plaintiff did not specifically challenge dismissal of two meritorious claims raised before the district court).

Here, Bascom does not provide any legal or factual arguments in his brief regarding whether the district court properly dismissed his Title VII claims as untimely. *See* Appellant's Brief. Although Bascom appeared to challenge the district court's timeliness finding on the basis of an alleged continuing violation, this argument was raised for the first time at oral argument and must be considered abandoned because it was not in appellant's initial brief. *See Nat'l Labor Relations Bd. v. Star Color Plate Serv.*, 843 F.2d 1507, 1510, n. 3 (2d Cir.1988).

Where plaintiff fails to file a timely charge with the EEOC, the claim is time barred. *See Butts v. City of New York Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993). In New York, where the New York State Division of Human Rights addresses claims of employment discrimination, the statute of limitations for filing a claim with the EEOC is 300 days. *See* 42 U.S.C. § 2000e–5(e); *Butts*, 990 F.2d at 1401. This period runs from the date when the employee received notice of the discriminatory action. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir.1996).

The district court correctly observed that the last allegedly discriminatory acts of which Bascom complained occurred prior to June 30, 2000, the date Bascom completed his second year of residency training at Cabrini Hospital. Ac-

cordingly, Bascom's charge, filed with the EEOC on October 21, 2001 was untimely. Moreover, to bring a claim with the "continuing violation" exception to the Title VII limitations period, a plaintiff must at the very least allege that one act of discrimination in furtherance of an ongoing policy occurred within the limitations period. *See Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir.2004). Bascom has failed to do so and cannot therefore rely on the continuing violation exception. Because the district court was correct in dismissing Bascom's federal claims, no manifest injustice will result from this Court deeming that Bascom, by failing to include any arguments on appeal relating to that ruling, has abandoned those claims.

A district court may exercise supplemental jurisdiction over pendent state claims when it has jurisdiction over associated federal claims that "form part of the same case or controversy." 28 U.S.C. § 1367. " '[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.' " *Lennon v. Miller*, 66 F.3d 416, 426 (2d Cir.1995) (*quoting United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). "[T]he exercise of supplemental jurisdiction is left to the discretion of the district court, and this court's review is limited to whether the district court abused its discretion." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994).

Here, the district court declined to exercise supplemental jurisdiction over Bascom's state breach of contract claim at the outset of the litigation, after dismissing all of Bascom's federal claims pursuant to Fed.R.Civ.P. 12(b)(6). Thus, it cannot reasonably be concluded that Bascom had expended substantial time, effort, or money in preparing the state claim, such that the

district court's rejection of supplemental jurisdiction was unfair. *See Purgess*, 33 F.3d at 138 (finding that it may be an abuse of discretion to reject supplemental jurisdiction when federal claims are dismissed late in the litigation). Accordingly, the district court did not abuse its discretion in dismissing the claim. *See id.*; *see also Lennon*, 66 F.3d at 426.

For the reasons set forth, we AFFIRM the order of the District Court.