Women's Integrated Network, Inc. v Anderson Kill P.C. (2015 NY Slip Op 08500)





Women's Integrated Network, Inc. v Anderson Kill P.C.


2015 NY Slip Op 08500


Decided on November 19, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2015

Tom, J.P., Renwick, Andrias, Moskowitz, Manzanet-Daniels, JJ.


15977 654507/13

[*1] Women's Integrated Network, Inc., Plaintiff-Appellant, ——
v
Anderson Kill P.C., et al., Defendants-Respondents.


Jeffrey A. Jannuzzo, New York, for appellant.
Hinshaw & Culbertson LLP, New York (Philip Touitou of counsel), for respondents.



Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered October 24, 2014, which granted defendants' motion to dismiss the complaint, and denied plaintiff's cross motion, unanimously affirmed, without costs.
Plaintiff, Women's Integrated Network, Inc. (WIN), is a small provider of medical services to women seeking treatment for infertility. Robert A. Knuppel, MD, a physician specializing in obstetrics and gynecology, was one of WIN'S cofounders. From February 1,2006 until July 23,2007, Knuppel was the Chief Medical Officer of WIN. Reportedly, for approximately 10 years, Knuppel worked for WIN in various capacities, first receiving no salary at all and later receiving a salary well below market value for the services he provided to WIN. In exchange, Knuppel was granted stock options to purchase 26,000 shares of WlN's stock.
In 2008, Knuppel commenced an action against WIN, alleging, inter alia, that WIN terminated his employment in order to prevent him from exercising his stock options. At the time, WIN maintained comprehensive employment practices liability insurance with its primary carrier, U.S. Specialty Insurance Co. The insurance carrier refused to defend WIN in the underlying stock option action, upon which WIN commenced a declaratory judgment action against its carrier, seeking a declaration that its carrier had a duty to defend and indemnify WIN in the underlying stock option action. The carrier moved the declaratory judgment action to a federal district court. Meanwhile, in 2009, Knuppel and WIN settled the stock option action. Subsequently, the district court granted the carrier's motion for a judgment on the pleadings in the declaratory judgment action, upon a finding that the settlement and defense costs were not insurable losses under the policy.
Rather than appealing the district court's determination, counsel for WIN, defendants herein, moved for reconsideration of the dismissal motion. When the district court denied the reconsideration motion, WIN procured new counsel, which filed an appeal to the Second Circuit, which dismissed the appeal as untimely made. In 2013, WIN commenced this legal malpractice action against defendant Anderson Kill, P.C. and two of its attorneys. Supreme Court granted defendants' pre-answer motion to dismiss the complaint. We now affirm.
Defendants candidly concede that their failure to file a timely notice of appeal from the federal district court's order granting the insurer's motion for judgment on the pleadings in plaintiff's declaratory judgment action against the insurer constituted a breach of their duty (see Darby & Darby v VSI Intl., 95 NY2d 308, 313 [2000]; see also Ocean Ships, Inc. v Stiles, 315 F3d 111, 117 [2d Cir 2002]). However, because plaintiff did not show that defendants' negligence was a proximate cause of plaintiff's losses, the motion court correctly dismissed this legal malpractice action (Kaminsky v Herrick, Feinstein LLP, 59 AD3d 1, 9 [1st Dept 2008], lv denied 12 NY3d 715 [2009]). Plaintiff failed to establish that its insurance contract covered the loss for which plaintiff sought coverage in the federal court declaratory judgment action (see Roundabout Theatre Co. v Continental Cas. Co., 302 AD2d 1, 6 [1st Dept 2002]). As the district court and the motion court found, plaintiff's settlement of its former employee's stock option [*2]action, which gave rise to the declaratory judgment action, is not a "Loss" as defined by the policy; the policy states in plain language that "Loss" does not include "payments for stock option or stock appreciation rights."
The motion court properly declined to treat plaintiff's cross motion pursuant to CPLR 3211(c) as a motion for summary judgment on the ground that the court had not given notice to the parties that it would do so.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2015
CLERK