18-2904-cv
*Collins v. Felder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand nineteen.

PRESENT:   RICHARD C. WESLEY,
           DENNY CHIN,
           RICHARD J. SULLIVAN,
                   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETER COLLINS,
                   *Plaintiff-Appellant,*

           v.                                                    18-2904-cv

RAOUL FELDER, RAOUL FELDER &
PARTNERS, P.C., DANIEL P. NOTTES,
HOWARD BENJAMIN, NICHOLAS R.
PERRELLA,
                   *Defendants-Appellees,*

MR. FUAT SARAYLI,
                   *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR PLAINTIFF-APPELLANT:                    KENNETH A. VOTRE, Votre &
                                            Associates, P.C., Ridgefield,
                                            Connecticut.

FOR DEFENDANTS-APPELLEES:                   DANIEL J. HURTEAU, Nixon Peabody
                                            LLP, New York, New York, *for
                                            Defendants-Appellees Raoul Felder, Raoul
                                            Felder & Associates, P.C., and Daniel P.
                                            Nottes*.

                                            NICHOLAS R. PERRELLA, *pro se*, West
                                            New York, New Jersey.

                                            MARK K. ANESH (Jake W. Bedor, *on the
                                            brief*), Lewis Brisbois Bisgaard & Smith
                                            LLP, New York, New York, *for
                                            Defendant-Appellant Howard Benjamin*.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Peter Collins appeals from the district court's July 13,

2018 judgment dismissing his complaint, which alleges that defendants-appellees

committed legal malpractice in their representation of him in an arbitration.   By

opinion and order dated July 12, 2018, the district court granted defendants-appellees'

motion to dismiss the complaint for failure to state a claim, principally because Collins

failed to allege that defendants-appellees' purportedly negligent representation was the

2

actual and proximate cause of his damages.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A.**     *The Underlying Litigation and Arbitration*

Collins and three other individuals were shareholders in 400 West 14th, Inc. (the "Corporation"), which owned and operated a bar and pizzeria in New York City's Meatpacking District called "The Gaslight."   In March 2013, Collins and another shareholder retained defendant-appellee Nicholas R. Perrella to sue the other two shareholders of the Corporation (the "shareholder-defendants"), individually and derivatively in New York State Supreme Court, for misfeasance, conversion, embezzlement, and mismanagement.   Approximately one month later, on or about April 9, 2013, defendants-appellees Raoul Felder and Daniel B. Nottes of Raoul Felder & Partners, P.C. (collectively, "Felder") were substituted for Perrella as attorneys of record.

Around the time the initial complaint was filed in March 2013, the shareholder-defendants, on behalf of the Corporation, requested entry into the Internal Revenue Service's Domestic Voluntary Disclosure Program, and after gaining entry, prepared amended corporate tax returns for tax years 2006 through 2012.   The shareholder-defendants also filed amended personal returns for those tax years.

On May 13, 2013, the New York Supreme Court ordered that the case be heard before the American Arbitration Association (the "panel").   On or around November 13, 2013, Felder ceased its representation of Collins.   On November 14, 2013,

3

Collins retained defendant-appellee Howard Benjamin to represent him in the arbitration.

The arbitration began in March 2014 and concluded several months later in July. On December 10, 2014, the panel issued a partial final award. The panel denied all of Collins's claims against the shareholder-defendants and concluded that all four shareholders, including Collins, knew of and were involved in a tax evasion scheme to conceal the Corporation's cash receipts "to increase net profits and to reduce the tax liability for both the corporation and its shareholders." App. at 280. Because all four shareholders "knew of, and were complicit in, this pattern of concealment [of cash receipts]," the panel concluded that "there was no breach of fiduciary duty or acts of 'bad faith' with respect to each other [--] only to the best interests of the Corporation by *all* of the shareholders and directors." *Id.* at 285 (emphasis in original).

In addition to rejecting Collins's claims, the panel specifically directed Collins to pay to the Corporation $17,000 drawn from the Corporation's account, and to account for an additional "'missing' or misused $40,000 in greater detail." App. at 284. The panel issued its final award on March 16, 2015, which incorporated the partial final award without change. On June 26, 2016, the New York State Supreme Court affirmed the award, and on August 10, 2016, it entered final judgment.

4

**B.**     *The Malpractice Claim*

On November 10, 2016, Collins filed an initial complaint in the district court below.   Defendants-appellees moved to dismiss, and on December 21, 2017, the district court granted the motion without prejudice because Collins failed to allege that he would have prevailed in the arbitration had the attorneys not been negligent in their representation of him.   The district court granted Collins leave to amend the complaint.

On February 5, 2018, Collins filed an amended complaint (the "Complaint").   Defendants-appellees renewed their motions to dismiss.   On July 12, 2018, the district court granted the renewed motions, dismissing the Complaint with prejudice for substantially the reasons given in the previous decision.   The court concluded that "[t]he arbitration panel's conclusions rested primarily on its finding that [Collins] participated in the fraudulent scheme" and that Collins failed to plead proximate causation because it was "baseless speculation to assert that [the panel] would have changed its award" had the alleged negligence of the attorneys not occurred.   App. at 274-75.

### DISCUSSION

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor."   *Singh v. Cigna Corp.*, 918 F.3d 57, 62 (2d Cir. 2019) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).   To survive a motion to dismiss, the complaint

5

must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To prevail on a legal malpractice claim in New York, a plaintiff must demonstrate that "that the attorney was negligent, that the negligence was a proximate cause of the injury and that [the plaintiff] suffered actual and ascertainable damages." *Rubens v. Mason*, 527 F.3d 252, 254-55 (2d Cir. 2009); *see also Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 117 (2d Cir. 2002). To adequately plead causation, the plaintiff must plead facts sufficient for "a reasonable fact-finder [to] conclude that a reasonable fact-finder in the underlying suit would have arrived at a different result *but for* the attorney's negligence." *Rubens*, 527 F.3d at 255 (emphasis added) (internal quotation marks omitted).

Collins principally alleges that defendants-appellees (1) improperly advised Collins to withdraw a state court action against the Corporation's accountants; (2) failed to properly engage in the selection of arbitrators; (3) failed to properly prepare Collins for his testimony and for cross-examination at arbitration; (4) failed to properly conduct discovery and prepare exhibits for arbitration; (5) prepared an inaccurate and improperly filed statement of the claim with the arbitrators; and (6) failed to effectively

6

challenge the accuracy of the amended tax returns submitted by the shareholder-defendants.

The district court correctly concluded that Collins failed to allege that he would have prevailed on his claims before the arbitration panel but for his attorneys' allegedly negligent performance. Though the Complaint states in conclusory fashion that but for the purported negligence Collins would have prevailed in the arbitration, it is devoid of any allegations as to *how* proper performance would have led to a different result. Collins argues that the shareholder-defendants' amended tax returns were inaccurate, were not adequately challenged by defendants-appellees at the arbitration, and were crucial to the panel's ultimate conclusion. But even if the arbitration panel had rejected outright shareholder-defendants' purportedly faulty amended tax returns, the Complaint contains no allegations that plausibly suggest the panel would have changed its award.

Indeed, contrary to Collins's assertion in his brief, the panel did not rest its conclusions on the amended tax returns. The panel's decision, which is incorporated by reference into the Complaint,[1] rested primarily on the fact that all four shareholders, including Collins, "*knew* [that] cash receipts generated by the [Corporation were used] to pay bills, pay employees and pay the four (4) shareholders 'off the books' to increase

---

[1] *See, e.g., Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the complaint or incorporated by reference are deemed part of the pleading and may be considered.").

net profits and to reduce the tax liability for both the Corporation and its shareholders." App. at 280 (emphasis in original). Because all four shareholders "knew of, and were complicit in, this pattern of concealment [of cash receipts], there was no breach of fiduciary duty or acts of 'bad faith' with respect to each other [--] only to the best interests of the Corporation by *all* of the shareholders and directors." *Id.* at 285 (emphasis in original).

This conclusion was based not on the accuracy of the amended tax returns but, in large part, on Collins's own admissions to the panel. *See id.* at 280 (noting that Collins "admitted" to distributing cash to employees and himself and "after first denying their existence, admitted that [he] received copies of two (2) sets of books reflecting cash payments to all the shareholders"); *id.* at 281 (noting that Collins's "post-hearing brief conceded that it was common practice in the industry to pay employees in cash and that cash envelopes were part of [the Corporation's] culture"). The panel's conclusion, based on Collins's own admissions, that Collins was engaged in a tax avoidance scheme common to all the shareholders was fatal to his claim that the shareholder-defendants were stealing cash from the Corporation or otherwise deliberately concealing the Corporation's books and records from him. The Complaint fails to explain how this conclusion would have been different had his attorneys not performed deficiently as alleged. *See Rubens*, 527 F.3d at 255. Accordingly, the district court properly granted defendants-appellees' motions to dismiss the Complaint.

8

\*     \*     \*

We have considered all of Collins's remaining arguments and conclude they are without merit.    For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court