nonsignatories to the lease who allegedly used the premises. The landlord had successfully evicted the lessee and obtained a judgment for unpaid rent; however, because the premises were used by other entities which were interconnected with the lessee but were not parties to the lease, the landlord commenced a second action to recover both the unpaid judgment and posteviction rent from those entities. While some causes of action relied on piercing the corporate veil and oral assignment of the lease to the related defendants, the landlord also sought recovery against the nonlessee occupants on a theory of quantum meruit. The Second Department rejected the argument that the express contract—the lease—precluded recovery on a quantum meruit basis. It explained that because there was no lease between the landlord and those other defendants, causes of action against them for unpaid rent on a quantum meruit basis were permissible (*id.* at 149).

We apply the equivalent reasoning here to allow plaintiff to seek an award of use and occupancy against the nonlessee occupant of the premises.

We have considered defendants' remaining arguments for affirmative relief and find them unavailing. For example, we note that defendants failed, in opposition to plaintiff's summary judgment motion, to request leave to amend their affirmative defenses. We also agree with the motion court that the amount sought by defendants in their counterclaims cannot be more than plaintiff's damages. Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ. **[Prior Case History: 2014 NY Slip Op 31739(U).]**

■ WOMEN'S INTEGRATED NETWORK, INC., Appellant, v ANDERSON KILL P.C. et al., Respondents. [— NYS3d —]—