■ WOMEN'S INTEGRATED NETWORK, INC., Appellant, v ANDERSON KILL P.C. et al., Respondents. [27 NYS3d 111]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered October 24, 2014, which granted defendants' motion to dismiss the complaint, and denied plaintiff's cross motion, unanimously affirmed, without costs.

Plaintiff is a small provider of medical services to women seeking treatment for infertility. In 2008, an employee commenced a stock option action against plaintiff. At the time,

plaintiff maintained comprehensive employment practices liability insurance with its primary carrier, U.S. Specialty Insurance Co. The insurance carrier refused to defend plaintiff in the underlying stock option action, upon which plaintiff commenced a declaratory judgment action against its carrier, seeking a declaration that its carrier had a duty to defend and indemnify plaintiff in the underlying stock option action. The carrier moved the declaratory judgment action to a federal district court. Meanwhile, in 2009, the employee and plaintiff settled the stock option action. Subsequently, the district court granted the carrier's motion for a judgment on the pleadings in the declaratory judgment action, upon a finding that the settlement and defense costs were not insurable losses under the policy.

Rather than appealing the district court's determination, counsel for plaintiff, defendants herein, moved for reconsideration of the dismissal motion. When the district court denied the reconsideration motion, plaintiff procured new counsel, which filed an appeal to the Second Circuit, which dismissed the appeal as untimely made. In 2013, plaintiff commenced this legal malpractice action against defendant and two of its attorneys. Supreme Court granted defendants' pre-answer motion to dismiss the complaint. We now affirm.

Defendants candidly concede that their failure to file a timely notice of appeal from the federal district court's order granting the insurer's motion for judgment on the pleadings in plaintiff's declaratory judgment action against the insurer constituted a breach of their duty (*see Darby & Darby v VSI Intl.*, 95 NY2d 308, 313 [2000]; *see also Ocean Ships, Inc. v Stiles*, 315 F3d 111, 117 [2d Cir 2002]). However, because plaintiff did not show that defendants' negligence was a proximate cause of plaintiff's losses, the motion court correctly dismissed this legal malpractice action (*Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1, 9 [1st Dept 2008], *lv denied* 12 NY3d 715 [2009]). Plaintiff failed to establish that its insurance contract covered the loss for which plaintiff sought coverage in the federal court declaratory judgment action (*see Roundabout Theatre Co. v Continental Cas. Co.*, 302 AD2d 1, 6 [1st Dept 2002]). As the district court and the motion court found, plaintiff's settlement of its former employee's stock option action, which gave rise to the declaratory judgment action, is not a "Loss" as defined by the policy; the policy states in plain language that "Loss" does not include "payments for stock option or stock appreciation rights."

The motion court properly declined to treat plaintiff's cross motion pursuant to CPLR 3211 (c) as a motion for summary

judgment on the ground that the court had not given notice to the parties that it would do so.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.

---

The decision and order of this Court entered herein on November 19, 2015 (133 AD3d 512 [2015]) is hereby recalled and vacated (see 2016 NY Slip Op 65537[U] [decided simultaneously herewith]).